# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER:   8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS |
| vs. | USM NUMBER:    41239-018 |
| DANIEL KELLEHER | Defendant's Attorney:  Darlene Barror, cja |

THE DEFENDANT:

_X_ pleaded guilty to count ONE of the Second Superseding Indictment in Case No. 8:03-cr-288-T-23MAP and on counts ONE and TWO of the Indictment in Case No. 8:04-cr-212-T-23MSS.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| **Case No. 8:03-cr-288-T-23MAP** | | | |
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii) and (iii) | Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base and to Possess With Intent to Distribute Five kilograms or More of Cocaine | July 29, 2003 | ONE |
| **Case No. 8:04-cr-212-T-23MSS** | | | |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2 | Distribute and Possess With Intent to Distribute Methamphetamine | April 15, 2004 | ONE |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and 18 U.S.C. § 2 | Distribute and Possess With Intent to Distribute Methamphetamine | April 21, 2004 | TWO |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_X_ The original indictment and first superseding indictments are dismissed in accordance with the plea agreement in case number 8:03-cr-288-T-23MAP.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 29, 2005

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: July 6th, 2005

| | | |
|---|---|---|
| Defendant: | DANIEL KELLEHER | Judgment - Page 2 of 7 |
| Case No.: | 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED NINETY-FOUR (194) MONTHS.**

The terms consist of:

<u>Case No. 8:03-cr-288-T-23MAP</u> - ONE HUNDRED EIGHTY-EIGHT (188) MONTHS as to count one of second superseding indictment

<u>Case No. 8:04-cr-212-T-23MSS</u> - ONE HUNDRED EIGHTY-EIGHT (188) MONTHS as to counts one and two -All terms imposed in Case Nos. 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS shall run concurrently. The defendant shall serve an additional **SIX (6) MONTHS** (pursuant to 18 U.S.C. § 3147), to run consecutive to the terms set forth above.

__X__ The court makes the following recommendations to the Bureau of Prisons: that the defendant be placed in FCI Coleman, Florida, or if unavailable, at the facility closest to Lowell, Massachusetts

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy Marshal

| Defendant: | DANIEL KELLEHER | Judgment - Page 3 of 7 |
|---|---|---|
| Case No.: | 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ONE HUNDRED TWENTY (120) MONTHS as to count one of the Second Superseding Indictment in **Case No. 8:03-cr-288-T-23MAP** and SEVENTY-TWO (72) MONTHS as to counts one and two in Case No. **8:04-cr-212-T-23MSS,** both terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

| | | |
|---|---|---|
| Defendant: | DANIEL KELLEHER | Judgment - Page 4 of 7 |
| Case No.: | 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X     The defendant shall provide the probation officer access to any requested financial information.

| | | |
|---|---|---|
| Defendant: | DANIEL KELLEHER | Judgment - Page 5 of 7 |
| Case No.: | 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $200.00 ($100.00 as to each count) | Waived | $ |

__ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

__ Restitution amount ordered pursuant to plea agreement  $ _____.

__ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

__ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  __ the interest requirement is waived for the ___ fine ___ restitution.

  __ the interest requirement for the ___ fine ___ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: DANIEL KELLEHER | Judgment - Page 6 of 7 |
| Case No.: 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ 200.00 ($100.00 as to each count) due immediately, balance due

        ___ not later than _____, or

        ___ in accordance __ C, __ D, __ E or __ F below; or

B. ___ Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

___ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (12/03) Sheet 7 - Denial of Federal Benefits

Defendant: DANIEL KELLEHER
Case No.: 8:03-cr-288-T-23MAP and 8:04-cr-212-T-23MSS

Judgment - Page 7 of 7

## DENIAL OF FEDERAL BENEFITS
(For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Assistance, Washington, D.C. 20531